McNULTY, Judge
(concurring specially).
I agree that petitioner is entitled to reimbursement of “taxable costs” expended by him prior to his acquittal. But I wish to emphasize that I do not understand the majority to hold that the costs and expenses of deposing a witness in California, even if the deposition be used at trial, are ordinarily taxable costs. The use of such a deposition in a criminal case is, of *253 course, permissible under Rule 3.190(7), CrPR, 33 F.S.A. But, pursuant to subsection (5) of that rule, such deposition shall not be used at trial if the attendance of the witness “can be procured.” Accordingly, I think, petitioner would first have had to seek the attendance of his witness under the provisions of the Interstate Extradition of Witnesses Act, Ch. 942, F.S.1971, F.S.A. If successful, then his “costs” in the premises would have been limited under the provisions thereof to “ten cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending, and five dollars for each day that he is required to travel and attend as a witness.” If, however, the witness’ attendance could not have been procured under that act, then I would suppose the necessary costs and expenses of availing himself of the provisions of Rule 3.190(7), supra, were necessary and taxable costs.
Here, it doesn’t appear from the record before us whether the trial court permitted the use of the deposition at trial without first requiring a showing that the witness’ attendance could not have been procured under the aforesaid extradition act. If there were no such preliminary showing then I hesitate to express a view now on whether petitioner is entitled to reimbursement for the California expenses at all, because it would seem petitioner initially had the burden of showing the necessity for utilization of Rule 3.190(7), supra. But assuming he is entitled to reimbursement for the California expenses, I have no hesitancy in opining that it should be limited to that which he would have been required to expend under the extradition act or the actual costs now sought, whichever is less. This is so because the accused is, as is any “litigant,” bounden to minimize necessary costs, especially if he intends to seek reimbursement of “taxable” costs from his adversary should he prevail. Any other rule on this point would tend to deter access to the courts and, thus, be contrary to public policy.